IN THE SUPREME COURT OF THE STATE OF DELAWARE

DONALD COLLINS,[1]　　　　　　　　§
　　　　　　　　　　　　　　　　　§　No. 135, 2020
　　Respondent Below,　　　　　　 §
　　Appellant,　　　　　　　　　　§　Court Below—Family Court
　　　　　　　　　　　　　　　　　§　of the State of Delaware
　　v.　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§　File No. CS19-02586
AUDREY COLLINS,　　　　　　　　 §　Petition No. 19-28307
　　　　　　　　　　　　　　　　　§
　　Petitioner Below,　　　　　　　§
　　Appellee.　　　　　　　　　　 §

Submitted: October 16, 2020
Decided: December 11, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)　The respondent below-appellant, Donald Collins ("the Husband"), filed this appeal from the Family Court's March 10, 2020 order accepting the Commissioner's November 8, 2019 order granting the petition for a protection from abuse ("PFA") order filed by the petitioner below-appellee. We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     On October 17, 2019, the Wife filed a petition for a PFA order with an affidavit for an emergency *ex parte* order.  The Wife alleged that the Husband had physically injured her in a May 2019 incident involving one of her dogs and engaged in alarming conduct from July through October 2019 that caused her fear and emotional distress.  A Family Court Commissioner granted the Wife's motion for an emergency *ex parte* order.

(3)     On November 7, 2019, a Family Court Commissioner held a hearing on the Wife's petition.  The Wife, the Husband, the Husband's brother, the Husband's father, the Husband's stepmother, and the Husband's ex-girlfriend testified at the hearing.  On November 8, 2019, the Commissioner issued a written order finding that the Husband did not commit an act of domestic violence in May 2019, but had committed acts of domestic violence between July 2019 and October 2019.  The PFA order restrained the Husband from committing acts of domestic violence, required the Husband to stay 100 yards away from the Wife, prohibited the Husband from contacting the Wife, and granted the Wife temporary custody of the parties' child.  The Commissioner granted the Husband visitation with the child every other weekend.

(4)     On December 3, 2019, the Husband filed objections to the Commissioner's order.  The Wife responded to the objections.  In an order dated

March 10, 2020, the Family Court affirmed the Commissioner's order. This appeal followed.

(5) When a party files a timely request for review of a Commissioner's order, a Family Court judge must make "a *de novo* determination of those portions of the Commissioner's order to which objection is made."[2] A Family Court judge "may accept, reject or modify in whole or in part the order of the Commissioner."[3] This Court's review of a Family Court order, including the Family Court's review of a Commissioner's order, extends to a review of the facts and the law, as well as to the inferences and deductions made by the judge.[4] We review issues of law *de novo*.[5] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[6]

(6) To obtain a PFA order, the petitioner must establish by a preponderance of the evidence that the respondent has committed an act of domestic violence.[7] A person commits domestic violence against a spouse if the person "[e]ngag[es] in a

---

[2] 10 *Del. C.* § 915(d)(1).
[3] *Id.*
[4] *Kraft v. Mason*, 2010 WL 5341918, at *2 (Del. Dec. 20, 2010) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del.1983)).
[5] *In re Heller*, 669 A.2d 25, 29 (Del. 1995).
[6] *Jones v. Lang*, 591 A.2d 185, 187 (Del. 1991).
[7] 10 *Del. C.* § 1043(e).

3

course of alarming or distressing conduct in a manner which is likely to cause fear or emotional distress or to provoke a violent or disorderly response."[8]

(7) On appeal, the Husband argues that the Family Court did not conduct a *de novo* review, but simply repeated the Commissioner's findings, which were not supported by the record. He contends that the Family Court and the Commissioner ignored the Wife's role in the parties' arguments and false or inconsistent testimony. He also contends that the Family Court could not have considered the Husband's recording of the Wife yelling at him. These claims are without merit.

(8) Contrary to the Husband's contentions, the Family Court did not simply repeat the findings in the Commissioner's two-page order. The Family Court's almost thirty-page order included a nineteen-page summary of the parties' testimony at the November 7, 2019 hearing. This summary included testimony supporting the Husband's position, but also testimony supporting the Wife's petition, including the Husband's admission that he told the Wife to put one of his guns in her mouth and kill herself and the Wife's description of an incident in which she feared for her safety after the Husband yelled and charged at her while she was holding their child. *De novo* review does not mean that the Family Court was obligated to accept the Husband's one-sided version of events.

---

[8] 10 *Del. C.* § 1041(1)(d), 2(a).

4

(9) The Husband's claim that the Commissioner and Family Court ignored the Wife's role in the parties' fights is also incorrect. The Commissioner found that the Wife had instigated and engaged in some of the underlying disputes, but that the Husband's reactions were disproportionate to any provocation. The Family Court reviewed these findings, and accepted the Commissioner's conclusion. On the record before us, we find no abuse of discretion by the Family Court in accepting the Commissioner's factual findings and according weight to the Commissioner's assessment of the witness' credibility.[9]

(10) As to the Husband's recording of the Wife yelling at him, the hearing transcript reflects that there was a CD of the recording, but the Husband played the recording from his cell phone instead because the sound was clearer. The transcript does not include the content of the cell phone recording. The Husband argues that this means the Family Court could not have reviewed his recording of the Wife screaming at him. He is mistaken.

(11) The Family Court decision reflects that the judge listened to the CD of the recording. This Court has also listened to the CD. Although the sound quality of the CD recording is mediocre, it is consistent with the Commissioner's description

---

[9] *See, e.g., Simmons v. Henry*, 2013 WL 1457008, at *2 (Del. Apr. 9, 2013) (concluding that the Family Court acted within its discretion in accepting the Commissioner's factual findings and negative assessment of one parent's credibility); *Adams-Hall v. Adams*, 2010 WL 3733922, at *2 (Del. Sept. 27, 2010) (holding there was no abuse of discretion by the Family Court in according weight to the Commissioner's credibility findings).

of a confrontation in which the Wife yelled at the Husband while he remained calm. As the Commissioner also noted, the recording ends when the Husband started to raise his voice. The CD recording supports the Commissioner's finding that the Husband selectively chose what to record and stopped recording when he started to lose his temper.

(12) Having carefully considered the parties' submissions on appeal and the Family Court record, we conclude that the Family Court did not err in affirming the Commissioner's order. The Wife established by a preponderance of the evidence that the Husband had "[e]ngag[ed] in a course of alarming or distressing conduct in a manner…likely to cause fear or emotional distress or to provoke a violent or disorderly response."[10]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[10] 10 *Del. C.* § 1041(1)(d), 2(a).